UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HECTOR G.,

Petitioner,

v.

TODD LYONS, in his capacity as Acting
Director, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
PAMELA BONDI, U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW; MIKE STASKO, Warden, Freeborn
County Jail; MARCOS CHARLES, Acting
Executive Associate Director for
Enforcement and Removal Operations;
PETER BERG, Field Office Director of St.
Paul Field Office for U.S. Department of
Homeland Security, United States
Immigration and Customs Enforcement,
Enforcement and Removal Operations,

Respondents.

Case No. 25-CV-4710 (PJS/EMB)

ORDER

Thomas R. Anderson, III, ANDERSON & ANDERSON LAW, LLC, for
petitioner.

Liles H. Repp and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE,
for respondents Todd Lyons, Kristi Noem, Pamela Bondi, Executive Office
for Immigration Review, Marcos Charles, and Peter Berg.

This matter is before the Court on petitioner Hector G.'s petition for a writ of habeas corpus.[1]  Hector, a citizen of Ecuador, entered the United States without inspection on or about August 23, 2023.  Robinson Decl. ¶ 4.  Exhibits attached to Hector's habeas petition indicate that he was arrested shortly after his unlawful entry and, on August 24, 2023, he was placed in removal proceedings and released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," that is, 8 U.S.C. § 1226.  ECF No. 2-2 at 7.[2]

On or about December 8, 2025, Immigration and Customs Enforcement ("ICE") took Hector into custody.  Pet. ¶¶ 17, 45; Robinson Decl. ¶ 4.  On December 17, an immigration judge ("IJ") denied Hector's request for release on bond on the ground that Hector is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 2-2 at 10–11.  This ruling reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

[2]When citing documents by ECF number, the Court cites to the electronically generated page numbers at the top of the page.

Following the IJ's ruling, Hector filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents do not meaningfully distinguish *Santos M.C.*; instead, they mainly argue that it was wrongly decided.  Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Hector, who entered without inspection and are already present and living in the United States.  The Court will therefore grant Hector's petition to the extent of ordering that respondents provide him with a bond hearing under § 1226 and enjoining them from applying the mandatory-detention provision of § 1225(b)(2).

A few additional matters remain:

*First*, in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873 (SSS/BFM) (C.D. Cal. filed July 23, 2025), a class action pending in the Central District of California, the district court recently entered partial judgment in favor of the class, declaring (among other things) that class members are not subject to mandatory detention under § 1225(b)(2).  *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL

3678485, at *1 (C.D. Cal. Dec. 18, 2025).  The parties dispute whether Hector is a member of that class.  Because this Court is independently granting Hector's request for a bond hearing, this Court need not resolve that issue.

*Second*, Hector asks that this Court order his release rather than merely order that he be given a bond hearing.  He points out that his original release order has never been revoked or canceled.  Given that this Court's jurisdiction in this area is generally limited to habeas claims that raise pure questions of law, however, *see Silva v. United States*, 866 F.3d 938, 941 (8th Cir. 2017), the Court is not convinced that it has the authority to order Hector's release.

*Finally*, Hector also asks that this Court preemptively enjoin respondents from invoking the automatic-stay regulations pending any government appeal of Hector's potential release.  The Court agrees with respondents that, as Hector is not currently subject to an automatic stay under these regulations and it is not certain that he will be, this request is not ripe for review.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985))).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.   Petitioner's petition for habeas corpus [ECF No. 2] is GRANTED IN PART
     and DENIED IN PART.  Specifically, the Court:

     a.   DECLARES that petitioner is not subject to mandatory detention
          under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from
          denying release or other relief on the basis that petitioner is subject
          to mandatory detention under § 1225(b)(2).

     b.   ORDERS respondents to provide petitioner a bond hearing under 8
          U.S.C. § 1226(a) within 14 days.

2.   The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 30, 2025                    /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court